Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 W. Beech St., Suite 504
San Diego, CA. 92101
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SALUM REVILLA ENTERPRISES, L.L.C., dba ACHIOTE RESTAURANT, and Does 1-10 Inclusive,<br><br>　　　　Defendant(s). | Case No.:  **'15CV1974 LAB  RBB**<br><br>**COMPLAINT**<br>　• **CIVIL RIGHTS**<br>　• **EMPLOYMENT DISCRIMINATION**<br>**(42 U.S.C. §§ 2000e, et seq.)**<br><br>(42 U.S.C. §§ 2000e, *et seq.*)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful employment practices and to provide appropriate relief to Charging Party Mario Campos and other similarly-situated employees who were adversely affected by such practices. As set forth with greater particularity in paragraphs 15-22 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission alleges that Defendant Salum Revilla Enterprises, L.L.C., dba Achiote Restaurant ("Defendant") unlawfully subjected Mario Campos and other similarly-situated employees to a hostile work environment on the basis of sex (male) in violation of Section 703(a) Title VII. The Commission also alleges that Defendant subjected Mario Campos to demotion, wage reduction, unwarranted and excessive discipline, a hostile work environment, and constructive discharge in retaliation for having engaged in protected activity in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

3.  Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "Commission") is an agency of the United States of America, charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Salum Revilla Enterprises, L.L.C., dba Achiote

1  Restaurant ("Defendant") has continuously been a limited liability company doing business in
2  San Diego County, State of California.
3      5.   At all relevant times, Defendant has continuously been an employer engaged in an
4  industry affecting commerce within the meaning of Sections 701(g) and (h) of Title VII, 42
5  U.S.C. §§ 2000e (g) and (h).
6      6.   At all relevant times, Defendant has continuously employed at least
7  15 employees.
8      7.   At all relevant times, Jamil Salum and Gloria Encinas Salum have been owners,
9  officers, members, managers, and partners of Defendant Salum Revilla Enterprises, L.L.C. (CA
10 Secretary of State reference no. 200611910115). As an owner, Jamil Salum oversees the
11 operation of Salum Revilla Enterprises, L.L.C., including the ultimate authority to hire, fire,
12 demote, discipline employees, and set employees' work schedules.
13     8.   All of the acts and failures to act alleged herein were duly performed by and
14 attributable to all Defendant(s), each acting as a successor, agent, employee, alter ego, owner,
15 officer, member, manager, partner, indirect employer, joint employer, single employer,
16 integrated enterprise, or under the direction and control of the others, except as specifically
17 alleged otherwise. Said acts and failures to act were within the scope of such agency and/or
18 employment, and each Defendant participated in, approved and/or ratified the unlawful acts and
19 omissions by the other Defendant(s) complained of herein. Whenever and wherever reference is
20 made in this Complaint to any act by a Defendant or Defendants, such allegations and reference
21 shall also be deemed to mean the acts and failures to act of each Defendant acting individually,
22 jointly, and/or severally.
23     9.   Plaintiff is ignorant of the true names and capacities of each defendant sued as
24 DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names.
25 Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or
26 corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner
27 responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to
28 allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

10. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Mario Campos filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

11. On April 4, 2014, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the initiation of this lawsuit have been fulfilled.

### Sexual Harassment

15. Since at least 2012, Defendant has operated a Mexican restaurant within San Diego County in San Ysidro, CA, doing business as Achiote Restaurant.

16. During 2012, Campos and other similarly-situated male workers were employed by Defendant to bus tables and serve customers at Defendant's restaurant located in San Ysidro, CA.

17. Campos and other similarly-situated male employees were supervised by Defendant's male restaurant manager.

18. This restaurant manager possessed the supervisory authority to control the details of work, and assign work assignments and written disciplinary warnings to Campos and other similarly-situated male employees.

19. Since at least 2012, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Defendant allowed Charging

Party Mario Campos and other similarly-situated employees to being subjected to sexual harassment based on sex (male) by the restaurant manager.

    (a) Since at least 2012, this restaurant manager secretly videotaped Campos and other similarly-situated employees using the men's staff restroom. The manager taped a hidden cell phone with a camera under the restroom sink. The angle of the cell phone camera captured the entire front of the toilet.

    (b) The harassing conduct was of a sexual nature because the cell phone captured footage of male frontal nudity, male employees pulling their pants up and down, and male employees using the toilet. Defendant's restaurant manager was sexually attracted to only males and specifically sought this video footage for his personal enjoyment and sexual arousal.

    (c) The harassing conduct was unwelcome. On May 13, 2012, Campos entered the men's staff restroom. As he was using the restroom, he noticed that the manager's cell phone was taped under the sink. Upon closer inspection, Campos realized that the cell phone camera was "on" and recording footage. As soon as Campos learned that he was being secretly recorded using the men's restroom, he immediately reported the incident to the San Diego Police Department and complained to Defendant that same day.

    (d) On May 13, 2012 the San Diego Police Department initiated an investigation, interviewed witnesses, and confiscated the manager's cell phone and its contents. Eventually, the police were able to access and view three video clips stored in the phone. The first 38 minute clip showed the manager placing the phone under the sink, Campos using the toilet, and then the manager retrieving the phone 2 minutes after Campos left the restroom. The two video clips also showed the manager placing the cell phone under the sink, two other male co-workers using the toilet, and then the manager removing the phone approximately 2 minutes after each male worker left the restroom.

    (e) During the police investigation, the manager admitted to the police that he secretly

placed the cell phone in the men's staff restroom on at least three prior occasions to record other male workers using the restroom so that he could watch the videos to become sexually aroused.

(f) The police subsequently issued an arrest warrant on the manager for invasion of privacy.

(g) The sexually harassing conduct was sufficiently severe to create an abusive workplace and hostile work environment. The conduct was severe because the video-taped footage captured male frontal nudity and young male workers using the toilet. Campos was extremely distraught, humiliated, and embarrassed from the sexually harassing conduct. Campos' age, 21 years-old, at the time of the sexual harassment, heightens the severity of the sexually harassing conduct.

(h) The harassing conduct was sufficiently pervasive to create an abusive workplace and hostile work environment. Campos had noticed the same cell phone taped to the sink on prior occasions, but thought that the phone was just charging. Thus, Campos and other similarly-situated male workers were being secretly videotaped using the restroom on multiple occasions.

(i) Defendant is liable for the sexual harassment by its manager because despite Campos' sexual harassment complaint to Defendant on May 13, 2012, Defendant failed to engage in prompt and effective remedial action.

(j) Due to Defendant's failure to engage in effective remedial action, Campos was subjected to further abusive working conditions and hostile work environment. After the incident, the harasser personally confronted Campos at the workplace on several occasions. During subsequent workplace meetings, Defendant and co-workers openly made comments in front of Campos in support of the manager who engaged in sexual harassment.

(k) The sexual harassment conducted by the manager culminated in Campos being subjected to tangible employment actions such as demotion to bussing tables, substantial reduction in work hours, unwarranted discipline, and involuntary change

in work schedule.

### Retaliation

20. During 2012, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). More specifically, Defendant subjected Campos to adverse actions such as demotion, substantial reduction in work hours, unwarranted discipline, and involuntary change in work schedule, in retaliation for having engaged in a protected activity.

    (a) On May 13, 2012, Campos engaged in protected activity when he complained to Jamil Salum about the sexual harassment by the manager.

    (b) Approximately two weeks later, Defendant drastically reduced Campos' work schedule from five to two days per week and demoted Campos from a server position to just bussing tables.

    (c) During early June 2012, Defendant subjected Campos to an involuntary change in his work schedule. The change in work schedule made it more difficult for Campos to arrive to work on time.

    (d) On June 11, 2012, Defendant subjected Campos to written discipline for having switched his work schedule with another co-worker. Defendant had allowed Campos to switch work schedules with other employees on prior occasions without any repercussions.

    (e) On August 16, 2012, Campos engaged in protected activity by filing an EEOC charge of discrimination against Defendant by alleging sexual harassment and retaliation.

    (f) On August 29, 2012, Defendant issued Campos six (6) written disciplinary notices for alleged tardiness.

    (g) On or about November 8, 2012, Campos was subjected to constructive discharge when he could no longer tolerate the abusive working conditions, hostile work environment, and adverse actions such as the demotion, reduced work schedule, and excessive unwarranted discipline.

21. Defendant further engaged in unlawful employment practices in violation of

Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting Campos to a hostile work environment in retaliation for having engaged in protected activity.

    (a) Immediately after complaining about the sexual harassment on May 13, 2012, Jamil Salum told Campos "[i]f it's not okay with you, you can go find another job," and that "[y]ou should be grateful."

    (b) When Campos openly complained to Jamil Salum about his reduced work schedule and demotion, Jamil Salum told Campos, "[i]f it's not okay with you, you can go find another job. You should be grateful." Jamil Salum then instructed the acting restaurant manager to send Campos home if his "bad attitude continues."

    (c) During an employee meeting in mid-June 2012, Jamil Salum announced that "nothing was going to bring them [Achiote Restaurant] down," not even the May 13, 2012 sexual harassment incident.

### Constructive Discharge

22. Defendant further engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting Campos to constructive discharge. On or about November 8, 2012, Campos was forced to quit because he could no longer tolerate the abusive working conditions, hostile work environment, and adverse actions such as the demotion, reduced work schedule, and excessive unwarranted discipline.

23. The effect of the practices complained of in paragraphs 15-22 above has been to deprive Mario Campos and other similarly situated individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their sex, male.

24. The unlawful employment practices complained of in paragraphs 15-22 above were intentional and caused Campos and similarly situated individuals to suffer emotional distress.

25. The unlawful employment practices complained of in paragraphs 15-22 above were and are done with malice or with reckless indifference to the federally protected rights of Campos and other similarly situated individuals.

## PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant(s), its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practice in violation of Sections 703(a) and 704(a) of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII.

C. Order Defendant to make whole Mario Campos by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Order Defendant to make Mario Campos and other similarly situated individuals whole by providing compensation for past and future pecuniary losses, including but not out-of-pocket expenses suffered by him which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E. Order Defendant to make Mario Campos and other and similarly situated individuals whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant to pay Mario Campos and other similarly situated individuals punitive damages for its malicious and/or reckless conduct in an amount to be determined at trial.

G. Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: August 27, 2015             Respectfully Submitted

P. DAVID LOPEZ,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

CONNIE K. LIEM,
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION